IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN LOHMANN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil No. 1:25-cv-00437-RP |
| | § | |
| PROCOLLECT, INC., and | § | |
| 1200 MEARNS MEADOWS DB LLC | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER**

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to Plaintiff's *Original Complaint* (the "Complaint") filed by Plaintiff Austin Lohmann ("Plaintiff" or "Lohmann") and would show the Court as follows:

A. ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

1.     Defendant admits that Plaintiff asserts claims pursuant to the FDCPA and TDCA, but denies any liability and damages, and to the extent that Paragraph 1 contains any factual statements, Defendant denies same.

**JURISDICTION AND VENUE**

2.     Defendant does not contest jurisdiction as alleged in Paragraph 2, other than to contest standing if Plaintiff fails to establish any concrete injuries resulting from any alleged unlawful conduct by Defendant.

3. Defendant does not currently contest venue as alleged in Paragraph 3, although Defendant lacks sufficient information to confirm the "acts and transactions" occurred in this District.

## THE PARTIES

4. Defendant lacks sufficient information to know the truth whether Plaintiff is residing in Travis County, Texas.

5. Defendant admits the allegations in Paragraph 5.

6. As this is an averment against 1200 Mearns Meadows DB LLC ("Mearns"), Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 6.

7. [sic]

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 10.

11. Defendant admits that Plaintiff breached his lease and vacated the leased premises on or about September 9, 2024, otherwise Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. As this is an averment against Mearns, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 23.

24. As this is an averment against Mearns, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 24.

25. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26, although such allegation is no longer accurate.

**VIOLATIONS OF THE FDCPA**

27. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

Case 1:25-cv-00437-RP     Document 5     Filed 04/17/25     Page 4 of 7

### VIOLATIONS OF THE TDCA

30. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

31. As this is an averment against Mearns, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 31.

### REQUEST FOR RELIEF

32. Defendant denies that Plaintiff is entitled to any requested relief as provided in Paragraph 32, including subsections (a) – (e).

### JURY DEMAND

The demand for jury trial is without any factual averment(s) to admit or deny.

In addition, Defendant denies any factual averments made in the Complaint that are not specifically admitted above.

### B. AFFIRMATIVE DEFENSES

AD1. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDCPA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Defendant maintains policies, procedures and practices to avoid the FDCPA violations set out in the Complaint. Any actions or omissions resulting in the alleged FDCPA violations resulted from a bona fide mistake, that were not intentional, and made notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c).

AD2. Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff lacks standing, and/or Defendant is not liable for Plaintiff's claims, as Plaintiff does not

DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER                                   Page 4 of 7

have any injury-in-fact caused by Defendant's conduct. *See e.g., Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

AD3.  Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages attributable to Defendant.

AD4.  Plaintiff's claims are barred in whole or in part by offset and/or set-off in the amount of the alleged debt.

AD5. Plaintiff's claims are barred by breach of contract (the lease) and/or because the subject debt is accurate.

AD6.  Plaintiff's claims are barred in whole or in part by the actions of a third party or intervening and superseding actions of others, including the Original Creditor.

AD7.  Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate, comparative negligence, and/or unclean hands.

AD8. As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations, mistake and waiver.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD9. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA and applicable CFPB and Federal Trade Commission rules, regulations, orders, and decisions.

AD10. As Discovery has not been initiated and Defendant's investigation of the allegations continues, Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

AD11. Defendant reserves the right to seek attorney's fees against Plaintiff and/or Plaintiff's counsel pursuant to FDCPA § 1692k(a)(3) and/or 28 U.S.C. § 1927 should Plaintiff fail to show facts and damages entitling him to any relief and yet continues prosecution of his claims in bad faith.

## PRAYER

Defendant requests a judgment that Plaintiff takes nothing on his claims against Defendant, that Plaintiff's claims against Defendant are dismissed and that Defendant recover its attorneys' fees and costs, if appropriate. Defendant prays for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

By: _____
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 307-5173 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEY FOR DEFENDANT
PROCOLLECT, INC.

CERTIFICATE OF SERVICE

On April 17, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

Tyler Hickle                                                  VIA ECF
LAW OFFICE OF TYLER HICKLE, PLLC
8911 N. Capital of Texas Hwy., Ste. 4200
Austin, TX 78759
tyler@hicklepllc.com
ATTORNEY FOR PLAINTIFF


By: *s/ John Bowdich*
    JOHN W. BOWDICH